## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **AMERICAN PRESIDENT LINES, LLC** *et al.*, <br><br>                    Plaintiffs, <br><br>           v. <br><br> **MATSON, INC.** *et al.*, <br><br>                    Defendants. | Case No. 21-cv-02040 (CRC) |

### **ORDER**

Having considered the parties' respective positions during the September 5, 2023 discovery call, the Court hereby orders the following.

APL shall serve its final privilege log by September 12, 2023.

Matson shall not be required to produce documents from the custodial files of its auditor.

Matson shall not be required to produce customer agreements or communications that its existing search terms have not already identified.

Matson shall search for the unabridged minutes from the Guam sales team's weekly meetings, contained in the files of any current employees who served as notetakers at those meetings, and produce any responsive, non-privileged documents.

As Matson offered on the discovery call, Matson shall provide written answers to the two supplemental interrogatory topics APL planned to raise with Matson's 30(b)(6) witness: (1) the people with relevant knowledge about Matson's disloyal employee defense and (2) the names of customers and third parties referenced but not named in Matson's previous interrogatory responses.  Matson shall not be required to change the date of the 30(b)(6) witness interview, and

the length of the 30(b)(6) witness's deposition shall not be shortened because of Matson's obligation to provide these answers.

     Both parties shall provide a joint submission addressing Matson's request for documents from the four senior APL employees discussed on the discovery call.  The submission should address the roles and responsibilities of these employees; Matson's rationale for seeking their documents, including what information Matson expects to learn from them; the history of Matson's request for these documents; and the process APL would have to undertake to collect these individuals' data, including when the former employees left APL and whether any of them were previously put on litigation holds.  The joint submission should also address the parties' previous agreement(s) about the process for designating custodians, including whether the parties had any input in selecting the other sides' custodians.  The submission shall be due by September 14, 2023 and shall not exceed seven pages.

     **SO ORDERED.**

                                                     CHRISTOPHER R. COOPER
                                                     United States District Judge

Date:  September 11, 2023