IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

AMERICAN PRESIDENT LINES, LLC,
APL MARITIME, LTD., APL MARINE
SERVICES, LTD.,

    Plaintiffs,

v.

MATSON NAVIGATION COMPANY, INC.,
MATSON LOGISTICS, INC.,

    Defendants.

Case No. 21-cv-02040 (CRC)

**STIPULATED SUPPLEMENTAL [PROPOSED] PROTECTIVE ORDER**

**I.    PURPOSES AND LIMITATIONS**

1.1     The parties in the above-captioned action stipulated on November 23, 2022, to a Proposed Protective Order, and the Court entered the Protective Order on December 6, 2022 (Dkt. 41).

1.2     Since that time, the Parties have sought discovery from various Non-Parties. Certain Non-Parties have objected to the production of personally or competitively sensitive information in the absence of additional protections beyond those set forth in the Protective Order.

1.3     To resolve those concerns and facilitate the production of responsive information in this case, the Parties hereby stipulate pursuant to Section 17 of the Protective Order to and ask the Court to enter this Stipulated Supplemental Protective Order ("Supplemental Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

**II.    DEFINITIONS**

2.1     The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

**III.    DURATION**

3.1     The confidentiality obligations imposed by this Supplemental Order shall remain in effect until the Designating Party agrees otherwise in writing with respect to that Designating Party's Discovery Material or until this Court orders otherwise.

**IV.    DESIGNATING PROTECTED MATERIAL**

4.1     Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must

- 1 -

be clearly so designated before the material is disclosed or produced. Designation shall be in conformity with the terms set out in the Protective Order; to the extent matter is designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL AEO," as described below in Section 6, the Producing Party shall affix a legend stating "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL AEO."

4.2     Section 4 of the Protective Order applies to any inadvertent failures to designate, conflicting designations, and upward designations of information pursuant to this Supplemental Protective Order.

## V.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     The Parties or any Non-Party shall abide by the process for challenging confidentiality designations set out in Section 5 of the Protective Order.

## VI.    ACCESS TO AND USE OF DISCOVERY MATERIAL

6.1     In addition to the obligations and restrictions set forth in Section 6 of the Protective Order, unless otherwise otherwise ordered by the Court or permitted in writing by the Designating Party, Discovery Material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL AEO" may be disclosed by a Receiving Party only to the following persons:

(a)     the Parties' Outside Counsel in this action to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Supplemental Protective Order" (Exhibit A), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts

or consultants may not use Protected Material for any purpose that does not relate to this Action (including but not limited to other litigations and other work in their respective fields);

    (c)  the Court and its personnel, subject to the requirements of Section 9 of the Protective Order;

    (d)  special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound By Supplemental Protective Order" (Exhibit A);

    (e)  court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

    (f)  to any person who Counsel have a good faith basis to believe authored or previously received the Protected Material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL AEO," provided that such persons are not permitted to retain such Protected Material;

    (g)  relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the participation of that Party in this Action and who have signed the "Agreement To Be Bound By Supplemental Protective Order" (Exhibit A);

    (h)  during the conduct of their depositions or other pretrial court proceeding, to the producing Non-Party witnesses in the Action for whom Counsel has a good-faith basis to believe disclosure is reasonably necessary, who have signed the "Agreement To Be Bound By Supplemental Protective Order" (Exhibit A), and who either (i) satisfy Subsection 7.4(f) or (ii) of the Protective Order or are reasonably expected, based on the face of the documents, the nature of their production, or prior testimony in this Action, to have personal knowledge of the document or the specific Protected Material referenced in the document;

  (i) any other person agreed to by the Designating Party in writing; and

  (j) any other person to whom the Court compels disclosure of the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL AEO," or to whom disclosure is required by law, subject to the requirements of Section 15 of the Protective Order.

  6.2 Retention of Exhibit A:  Counsel for the Party that obtains the signed "Agreement To Be Bound By Supplemental Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties or the Court upon good cause shown.

  6.3 Any person who receives Protected Material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL AEO" shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL AEO" Protected Material was disclosed.

**VII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

  7.1 Sections 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of the Protective Order otherwise apply except to the extent they conflict with any provision above, in which case the terms of this Supplemental Protective Order Control.

**SO STIPULATED.**

Dated:  September 18, 2023

| | |
|---|---|
| */s/ John R Fornaciari* <br> John R. Fornaciari (DC Bar 152801) <br> Danyll Foix (DC Bar 475503) <br> Sally Qin (DC Bar 1011432) <br> BAKER & HOSTETLER LLP <br> 1050 Connecticut Ave., NW, Suite 1100 <br> Washington, DC 20036-5403 <br> Tel:   202.861.1500 <br> Fax:  202.861.1783 <br> Email: JFornaciari@Bakerlaw.com <br>             DFoix@Bakerlaw.com <br>             SQin@Bakerlaw.com | */s/ Rachel S. Brass* <br> Rachel S. Brass, *pro hac vice* <br> RBrass@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 555 Mission Street, Suite 3000 <br> San Francisco, CA 94105 <br> (415) 393-8200 <br><br> Joshua M. Wesneski, DC Bar 1500231 <br> JWesneski@gibsondunn.com <br> Amalia Reiss, D.C. Bar 241775 <br> AReiss@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1050 Connecticut Avenue, N.W. <br> Washington, D.C. 20036 <br> (202) 955-8500 |
| *Counsel for Plaintiffs American President Lines, LLC, APL Maritime, Ltd., and APL Marine Services Ltd.* | *Counsel for Defendants Matson Navigation Company, Inc. and Matson Logistics, Inc.* |

**SO ORDERED.**

Dated:_____            _____
                                                                                CHRISTOPHER R. COOPER
                                                                                United States District Judge

**EXHIBIT A**

**Agreement to Be Bound By Supplemental Protective Order**

I, _____, have been informed that on _____, the U.S. District Court for the District of Columbia entered a protective order in the litigation captioned *American President Lines, LLC, et al. v. Matson Navigation Company, Inc., et al.*, Civil Action Number 21-2040.  I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the District of Columbia for purposes of any proceeding related to the protective order, including my receipt or review of information that has been designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL AEO."

Dated: _____    By: _____

Printed Name: _____