IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN PRESIDENT LINES, LLC, APL MARITIME, LTD., APL MARINE SERVICES, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>MATSON NAVIGATION COMPANY, INC., MATSON LOGISTICS, INC.,<br><br>Defendants. | No. 1:21-cv-2040-CRC |

### **RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

APL provided notice to this Court of two out-of-Circuit cases to support its position that Matson's alleged conduct "must be considered as alleged, not in manufactured subcategories." Dkt. 185 at 1 (discussing *In re Essar Steel Minnesota LLC*, 2024 WL 4047451 (Bankr. D. Del. Sept. 4, 2024), and *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, 111 F.4th 337 (4th Cir. 2024)). That argument does not save APL's failure to adduce evidence that can prove the elements of its claims. *See generally* Dkt. 107-1 (MSJ) at 14-35.

In any event, both cases underscore that courts apply well-defined analytical frameworks to determine whether certain types of conduct harm competition and cannot "aggregate" together conduct that is not itself anticompetitive to find a Sherman Act violation. *See* Dkt. 107-1 at 12; Dkt. 170 (MSJ Reply) at 7. *Essar Steel* makes clear that "[a] plaintiff's failure to satisfy an applicable legal standard" under the antitrust laws "cannot be circumvented by lumping it with a series of otherwise separate actions that also fail to meet the relevant standard in the hope that a jury might conclude that, viewed 'holistically,' the defendant's conduct was anticompetitive." 2024 WL 4047451 at *22. And *Duke Energy* cautions that courts "must take care not to aggregate

acts that are procompetitive to produce only a semblance of an exclusionary effect when considered together." *Duke Energy*, 111 F.4th at 356.

To the extent APL suggests *Duke Energy* or *Essar Steel* apply a more "holistic" approach, that is not consistent with authority in this Circuit, including the recent decision in *United States v. Google LLC*, 2024 WL 3647498 (D.D.C. Aug. 5, 2024). In *Google*, Judge Mehta analyzed the different alleged conduct under discrete legal tests rather than taking the approach APL advocates. *See id.* at *98 (applying *Microsoft* exclusive dealing framework rather than the Government's "general Section 2 standard"); *id.* at *130-131 (applying refusal to deal framework). *Google*'s analysis applies this Circuit's controlling precedent (*see* Dkt. 170 at 7) with which neither *Duke Energy* nor *Essar Steel* grappled. *Google* also supports Matson's motion for summary judgment in other respects, including by confirming that exclusive deals must "significant[ly] foreclos[e]" the relevant market, 2024 WL 3647498 at *104-105, 107-109, and by enforcing the "strict limits" on claims that a firm's unilateral refusal to deal with its rival (such as Matson's refusal to deal with APL in Alaska) violates Section 2, 2024 WL 3647498 at *130-131; *accord* Dkt. 107-1 at 13-14, 32-34.

Dated:   October 3, 2024                                    Respectfully submitted,

                                                            */s/ Rachel S. Brass*

                                                            Rachel S. Brass, *pro hac vice*
                                                            RBrass@gibsondunn.com
                                                            Caeli A. Higney, *pro hac vice*
                                                            CHigney@gibsondunn.com
                                                            Julian W. Kleinbrodt, *pro hac vice*
                                                            JKleinbrodt@gibsondunn.com
                                                            GIBSON, DUNN & CRUTCHER LLP
                                                            One Embarcadero Center, Suite 2600
                                                            San Francisco, CA 94111
                                                            (415) 393-8200

Matthew S. Rozen, DC Bar No. 1023209
MRozen@gibsondunn.com
Amalia Reiss, DC Bar No. 241775
AReiss@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
(202) 955-8500

David Salant, *pro hac vice*
DSalant@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

*Counsel for Defendants Matson Navigation Company, Inc. and Matson Logistics, Inc.*